UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                v.

JULIO PEREZ,

                Defendant.
_____

**DECISION AND ORDER**

6:25-CR-06009 CJS

# INTRODUCTION

Defendant Julio Perez ("Perez") is charged by Indictment returned on January 21, 2025, with possession of fentanyl with intent to distribute in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C). (Dkt. 18). This matter has been referred to the undersigned to address all pre-trial matters. (Dkt. 20).

Perez has filed pre-trial motions seeking the following: (1) inspection of grand jury minutes; (2) a bill of particulars; (3) discovery pursuant to Federal Rule of Criminal Procedure 16; (4) disclosure of *Brady*[1] material; (5) disclosure of witness statements and Jencks Act materials; (6) suppression of statements; (7) disclosure of evidence pursuant to Federal Rules of Evidence 404(b), 608, and 609; (8) production of *Giglio*[2] material; (9) to preclude evidence described in Field Interview Forms ("FIFs") and Crime Investigation Reports ("CIRs"); (10) release of the disciplinary records of the investigating and arresting officers; and (11) preservation of rough

---

[1]      *Brady v. Maryland*, 373 U.S. 83 (1963).

[2]      *Giglio v. United States*, 405 U.S. 150 (1972).

- 1 -

notes. (Dkt. 31). The government has opposed Perez's motions. (Dkt. 32).

The Court held oral argument on Perez's motions on June 26, 2025. (Dkt. 33). At that time, the defense requested an opportunity to submit supplemental briefing with respect to the motion to suppress statements. The Court set a deadline of July 10, 2025, for the filing of a supplemental brief and reserved decision on Perez's motions. (*Id.*). On July 14, 2025, defense counsel advised the Court that the defense would not be making any further submissions. (Dkt. 34).

The Court's analysis and recommended disposition of Perez's motions for suppression of statements and inspection of grand jury minutes are set forth in a contemporaneously issued Report and Recommendation. (Dkt. 35). Below, the Court sets forth its resolution of Perez's remaining motions.

## BACKGROUND

On May 7, 2018, Perez pleaded guilty in this District to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851. *United States v. Perez*, No. 6:18-CR-6059 CJS, Dkt. 5 (W.D.N.Y. May 7, 2018). Perez was subsequently sentenced to 60 months of imprisonment and six years of supervised release. *United States v. Perez*, No. 6:18-CR-6059 CJS, Dkt. 15 (W.D.N.Y. Sept. 14, 2018). Perez was released to supervision on January 14, 2022.

On June 26, 2024, law enforcement executed a state-authorized search warrant at Perez's residence at 38 Harris Street, Rochester, New York. (*See* Dkt. 32 at 1). In Perez's bedroom and ensuite bathroom, which were located in the basement, law enforcement located 25.61 grams of fentanyl and approximately $10,000 in United States currency. (*Id.*). The fentanyl was found secreted in an area in the ceiling above the ensuite bathroom. (*Id.*).

During the afternoon of June 26, 2024, Perez called United States Probation Officer Ryan Varecka in a panic and stated in sum and substance that he had "messed up," and that the police had just searched his house and took his truck and money, but did not find any guns. (*Id.* at 10). Officer Varecka asked Perez what the police found, and Perez replied that the police found drugs in the house, that he did not know what kind of drug it was, and that it was possibly fentanyl. (*Id.* at 10-11). For several days after the search warrant was executed, Perez called Officer Varecka daily to ask if he should turn himself in to be arrested. (*Id.* at 11).

## DISCUSSION

### I. Motion for a Bill of Particulars

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "Rule 7(f) . . . permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987). "A bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)). "However, a bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." *United States v. Griffith*, 515 F. Supp. 3d 106, 121 (S.D.N.Y. 2021) (quotation and alteration omitted); *see also United States v. Bielli*, 697 F. Supp.

2d 403, 408 (E.D.N.Y. 2010) ("[I]t is well-established that the Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories.") (quotation omitted)). "The decision whether to grant a bill of particulars rests within the district court's discretion." *United States v. Chalmers*, 410 F. Supp. 2d 278, 283 (S.D.N.Y. 2006).

Perez argues that a bill of particulars is necessary in this case "because the allegations set forth in the Indictment are conclusory, vague, overly broad, and fail to set forth with specificity the time, place and manner in which the Defendant committed the offenses charged." (Dkt. 31 at 4). Perez further contends that he "also needs a bill of particulars to protect his right to a jury trial and to establish his potential sentencing exposure." (*Id.* at 5).

The Court is unpersuaded by these arguments. The Indictment contains a single count, alleging that on June 26, 2024, in the Western District of New York, Perez knowingly and intentionally possessed with intent to distribute fentanyl. (Dkt. 18). The government has also provided the defense with "copies of search warrants and supporting affidavits, copies of police reports generated from the execution of the search warrants as well as the arrest of the defendant, photographs, lab reports and other documentary and tangible evidence." (Dkt. 32 at 6); *see Walsh*, 194 F.3d at 47 ("a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means"). "The straightforward Indictment, as supplemented by the law enforcement reports, sufficiently puts [Perez] on notice of the details of the alleged conduct." *United States*

*v. Penhollow*, No. 24-CR-122-RJA-JJM, 2025 WL 1501892, at *1 (W.D.N.Y. May 27, 2025) (denying motion for bill of particulars as to two-count indictment charging possession with intent to distribute five or more grams of methamphetamine). Accordingly, Perez's motion for a bill of particulars is denied.

## II. Motion for Discovery Pursuant to Fed. R. Crim. P. 16

Perez has moved for discovery pursuant to Federal Rule of Criminal Procedure 16, as to items that "have not been disclosed in the course of voluntary discovery." (Dkt. 31 at 7). The government confirmed in response that it has complied with Rule 16 and will continue to do so, including by promptly forwarding further information should it become available. (Dkt. 32 at 7). Based on these representations by the government, the Court finds no basis to issue an order pursuant to Rule 16.

Perez also included in his motion for discovery a request for information regarding the government's witnesses, including any confidential witnesses. (Dkt. 31 at 8-10). Rule 16 does not require the government to disclose the identity of its witnesses prior to trial. *United States v. Green*, 144 F.R.D. 631, 639 (W.D.N.Y. 1992). Further, "[t]he government is not generally required to disclose the identity of confidential informants." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). A defendant seeking such disclosure "bears the burden of showing the need for disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *Id.* (citations omitted). "The defendant is generally able to establish a right to disclosure where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988) (quotation omitted). The Second Circuit has explained that:

> Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity.

*Field*, 113 F.3d at 324. Here, Perez has failed to demonstrate that disclosure of the identity of any confidential informants is necessary to his defense of this case.

For these reasons, Perez's motion for discovery is denied.

### III.   Motions for Disclosure of *Brady* and *Giglio* Materials

Perez seeks disclosure of information pursuant to *Brady* and *Giglio*. (*See* Dkt. 31 at 10, 23-24). The Court has previously issued an order in this case confirming the government's obligations under *Brady* and its progeny. (Dkt. 4). The government has represented that it "is not aware of any affirmatively exculpatory evidence in this case" and has acknowledged its continuing obligation to disclose exculpatory material. (Dkt. 32 at 9). At oral argument, the Court confirmed that the defense was not asserting that there had been a *Brady* violation in this case or that any specific *Brady* material had not been turned over. The government has further confirmed that it will turn over any *Giglio* materials two weeks before the commencement of the trial of this matter, to afford the defense sufficient time to effectively use such materials at trial. (*Id.*).

"There is no pre-trial right to *Giglio* material, which specifically concerns impeachment," and "[c]ourts in the Second Circuit generally do not compel immediate disclosure of *Brady*/*Giglio* materials where (1) the Government represents it is aware of and will comply with its *Brady*/*Giglio* obligations, and (2) the Defense does not provide any reason for suspecting the Government will not comply." *United States v.*

*Mohamed*, 148 F. Supp. 3d 232, 246 (E.D.N.Y. 2015). Perez's motions for immediate disclosure of *Brady*/*Giglio* materials are denied with prejudice, based on the government's representations and the lack of any evidence of a *Brady* or *Giglio* violation. *See United States v. Terrell,* No. S1 22-CR-343 (JMF), 2023 WL 7220736, at *2 (S.D.N.Y. Nov. 2, 2023) ("[T]o the extent that these motions seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, they are denied on the basis of the Government's representation that it has complied with its obligations and will continue to do so[.]").

### IV. Motion for Disclosure of Witness Statements (Jencks Act Material)

Perez has moved for early disclosure of witness statements pursuant to 18 U.S.C. § 3500 (the "Jencks Act") and Federal Rule of Criminal Procedure 26.2. (Dkt. 31 at 16-17, 19-21). In response, the government has stated that it "agrees to provide such information two weeks before the commencement of trial in this case." (Dkt. 32 at 9-10).

The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "[D]istrict courts lack the power to mandate early production of Jencks Act material." *United States v. Morgan*, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010); *see United States v. Coppa*, 267 F.3d 132, 145–46 (2d Cir. 2001). The Court accordingly denies Perez's request for early disclosure of Jencks Act material.

## V.  Motion For Disclosure Under Fed. R. Evid. 404(b), 608, and 609

Perez asks the Court to order that the government immediately "notify him of any evidence that the government contends would be admissible under Fed. R. Evid. 404(b)," and further disclose "all evidence of prior bad acts that the government intends to use for impeachment of the Defendant, should he testify at trial, pursuant to F.R.E. 608(b) and 609(a)." (Dkt. 31 at 21). As discussed at oral argument, the Court finds that the timing of disclosures under these Rules of Evidence is appropriately left to the discretion of the trial judge. The Court therefore denies this motion without prejudice.

## VI.  Motion to Preclude Evidence Described in FIFs and CIRs

Perez has moved for an "Order precluding introduction of the information contained in" FIFs and CIRs produced in the course of voluntary discovery. (*Id.* at 25). At oral argument, defense counsel agreed that this issue would properly be decided in a motion in limine made before the trial judge, should the government seek to admit any of these documents at trial. Accordingly, this motion is denied without prejudice.

## VII.  Motion for Release of Disciplinary Records of Investigating and Arresting Officers

Perez moves for "an Order compelling the Government to produce all documents relating to disciplinary employment records of all officers and/or employees of the United States of America, the New York State Police, the DEA, City of Rochester Police Department, and every other law enforcement official that was involved and/or present during the investigation, questioning, arrest and/or detention of the Defendant Julio Perez[.]" (Dkt. 31 at 26) (quotation and original alteration

omitted). At oral argument, defense counsel clarified that the defense is seeking such information to the extent it qualifies as *Giglio* material. The Court therefore denies this motion for the same reasons discussed above with respect to Perez's motion for disclosure of *Giglio* materials—namely, that the government has represented that it will comply with its *Giglio* obligation and that no evidence has been presented to contradict that representation.

## VIII. Motion for Preservation of Rough Notes

Perez has moved to require the preservation of rough notes. (Dkt. 31 at 26-27). The government did not respond to this motion or make any supplemental argument regarding it at oral argument. "Agents need not preserve their rough notes if the agents incorporate these notes into formal reports[.]" *United States v. Coon*, No. 10CR110A, 2010 WL 4455831, at *5 (W.D.N.Y. Nov. 8, 2010). However, Perez "may be entitled to production of at least a portion of the notes at trial if they were still in existence at the time of trial and were discoverable under the provisions of the Jencks Act." *United States v. Cobb*, 544 F. Supp. 3d 310, 331 (W.D.N.Y. 2021) (citation omitted and granting motion to preserve rough notes). The Court accordingly grants Defendant's motion and directs the government to preserve rough notes, to the extent it has not already done so.

## IX. Leave to File Further Motions

Perez requests the right to "submit subsequent motions, should facts determined through discovery, *Brady*, these motions or hearings relating to these motions, indicate that such subsequent motions are necessary or appropriate." (Dkt. 31 at 28). The government makes no objection to this reservation. (Dkt. 32 at 13-14).

Defense counsel confirmed at oral argument that Perez was not seeking leave to bring any further motions at this time. To the extent that the defense believes subsequent developments in this case necessitate further motion practice, defense counsel should promptly bring such matters to the Court's attention.

## CONCLUSION

For all the foregoing reasons, Perez's motions for a bill of particulars, discovery pursuant to Federal Rule of Criminal Procedure 16, disclosure of *Brady/Giglio* materials, disclosure of Jencks Act materials, disclosure of evidence pursuant to Federal Rules of Evidence 404(b), 608, and 609, to preclude evidence described in FIFs and CIRs, for release of the disciplinary records of the investigating and arresting officers, and for preservation of rough notes are resolved as set forth above.

SO ORDERED.

*[signature]*
COLLEEN D. HOLLAND
United States Magistrate Judge

DATED:   July 28, 2025
         Rochester, New York