UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**

25-CR-6009-CJS

JULIO PEREZ,

        Defendant.

---

The matter is before the Court on Defendant's motion for a Judgment of Acquittal, ECF No. 63, pursuant to Rule 29 (c) of Federal Rules of Criminal Procedure. For the reasons stated below, the Defendant's application is denied

On November 6, 2025, the defendant was convicted by a jury of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841 (a)(1). The Government in its "Response in Opposition to Defendant's Motion for Acquittal," ECF No. 65, accurately summarizes the evidence adduced at trial:

> The testimony of various witnesses established that on June 26, 2024 members of a search warrant team located approximately 25.61 grams of fentanyl concealed within a PVC pipe above the drop ceiling in the defendant's ensuite, basement bedroom. $9,620 dollars was also seized from the defendant's bedroom in mostly small denominations. The defendant owns 38 Harris Street as evidenced by the deed to the premises. See Government's Exhibit 73. The defendant's personal effects including identification cards, cellular phones, work uniforms, truck keys were all located in the basement bedroom of the residence. Further, the warrant was executed very early in the morning, at approximately 5 a.m. Rochester Police Department Sgt. Angel Pagan testified that he was part of the entry team, and that shortly after breaching the premises he encountered the defendant coming up from the basement. Given the hour and the layout of the residence, it is reasonable to conclude that the defendant was sleeping in

1

> the basement bedroom when the warrant was executed.
>
> Probation Officer Varecka (who was referred to simply as a government employee during the trial) testified that he had known the defendant since January 2024 in connection with his employment. He testified that in connection with his employment he had met with the defendant at his residence, 38 Harris Street, on two occasions. He testified that on one of those occasions the defendant had given him a tour of the residence and showed Varecka his bedroom, which was the basement bedroom. Varecka testified that during the afternoon of June 26, 2024 the defendant called him and advised him that he had "messed up big time." When Varecka asked him what happened, Varecka testified that Perez said, "I can't believe I messed up - they took my truck, money and drugs, but no weapons." This statement from the defendant is strong evidence that the defendant knowingly possessed the drugs found in his bedroom. As I argued during my summation, there is nothing wrong with owning a truck and nothing inherently wrong with possessing money. Therefore, given the context of the defendant's statement, when he says that he "messed up" he can only be referring to the drugs. Additionally, Varecka asked the defendant what kind of drugs were seized, to which the defendant replied that he believed it was fentanyl.
>
> Detective Gashlin of the Rochester Police Department (and Task Force Officer for the DEA) testified to his training and experience in the investigation of narcotics trafficking cases....during one portion of his testimony he posited that 25.61 grams could be packaged into 400 to 800 individual bags/doses of fentanyl. In his opinion, the drugs recovered from the defendant's bedroom were not consistent with personal use. It should also be noted that no paraphernalia associated with drug use was testified to having been located anywhere in 38 Harris Street during the execution of the search warrant. Dr. Christopher Downing, a forensic chemist for U.S. Customs and Border Protection (CBP) testified that he analyzed the powder recovered from the defendant's bathroom using various instruments at the lab and concluded that the substance did indeed contain fentanyl.

*Id.*pp.2-4.

Defendant argues that all this evidence established was that there was fentanyl in the bathroom ceiling of his residence and that such evidence was insufficient to establish the requisite elements of the crime of which he was convicted. However, the Court disagrees. With respect to a motion for a judgment of acquittal pursuant to *Fed. R. Civ. P.*

2

29 (c), the law is well settled. As the Second Circuit instructed:

> In reviewing an acquittal by the district court following a jury verdict of guilty, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this regard, the defendant who is challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir.2003) (internal quotation marks omitted). "[A] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir.1999) (internal quotation marks omitted).
>
> In applying these principles, it is the court's duty to "review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir.1999) (internal quotation marks omitted). It is irrelevant that the judge conducting such a review personally feels that he or she would not have found guilt upon such evidence. The conviction must be sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Guadagna*, 183 F.3d at 130. "The government's case need not exclude every possible hypothesis of innocence ...." *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir.1995) (internal quotation marks omitted). Thus, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000) (internal quotation marks omitted; alteration in original). Furthermore, "courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir.2003). It is settled that "Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Guadagna*, 183 F.3d at 129 (internal quotation marks omitted; alteration in original).

*United States v. Espaillet,* 380 F.3d 713, 718 (2nd Cir.2004). The essential elements of the crime of which Defendant was convicted, Possession with Intent to Distribute Fentanyl, were: That the material at issue was in fact fentanyl; that Defendant knowingly possessed a controlled substance; and Defendant possessed the controlled substance with intent to

3

distribute it.  Here, the Court finds that a rational trier of fact could have found, based upon the evidence detailed above, that the Government had proven these essential elements beyond a reasonable doubt.

Accordingly, Defendant's motion for a Judgment of Acquittal, ECF No. 63, is denied.

IT IS SO ORDERED.

DATED: Rochester, New York
January 15, 2026

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge